```
           IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF KANSAS
```

**JON K. NETH,**

                **Plaintiff,**

       **v.**                           **CASE NO.  08-3101-SAC**

**CONMED INC. et al.,**

                **Defendants.**

## O R D E R

This civil rights complaint, 42 U.S.C. § 1983, was filed by an inmate of the Winfield Correctional Facility, Winfield, Kansas. Defendants specified in the caption are "Un-named agents of CONMED INC., Sedgwick County Sheriffs Office, Sedgwick County Detention Center, et al." In paragraph one of the complaint, plaintiff states all defendants are employed as "un-named agents, officers, clinicians, etc." In paragraph two he refers to defendants "Un-named agents of CONMED, INC." whom he states are "employed as Clinicians, MD's, RN's, LPN's, ARNP." Plaintiff generally claims "these defendants" violated his "Eighth Amendment rights concerning necessary and adequate medical care." He also claims "reckless endangerment, cruel and unusual punishment, mistreatment of confined persons, official misconduct, assault and battery" and attempted murder. As factual background for his claims, plaintiff alleges that he was transferred to Sedgwick County Detention Center (SCDC) for a court appearance on a state habeas action, and that upon arrival he was denied all prescribed medications for 24 hours and a medical diet.

As count I of his complaint, plaintiff alleges he had

previously been prescribed Verapamil at 80 mg three times a day, and Naproxen at 375 mg twice daily.  He further alleges that the day after his arrival at SCDC his prescription for Verapamil was re-written to 180 mg once daily, and this resulted in "extreme discomfort" and "extreme headaches."  He states that Naproxen was withheld for one week until October 5, 2007, and this resulted in "extreme discomfort, aches, pains, etc."  He also alleges a prescribed medical diet was withheld for approximately one month ("approx. the first week in Nov."), and that "this resulted in a weight loss of 20 lbs and a drop in blood glucose of approx. 20 points resulting in cold hands and fee, trembling, forgetfulness, headaches, depression, fatigue, insomnia, nervousness, mood swings and confusion."  Plaintiff alleges he made repeated requests and complaints, and was refused treatment.

Plaintiff also complains he was charged $15.00 "for the clinics (sic) mistake."  As Count II, he alleges his Fourteenth Amendment rights were violated in that he was not allowed to file the proper forms to receive compensation for the erroneous charges by the clinic, and his "correspondence" concerning problems with the clinic was not answered.  In support of this claim, plaintiff alleges he "put in law library requests" approximately forty times between October 6, and November 26, 2007, but was only allowed 3 to 4 hourly sessions.  He further alleges he sent "kites" requesting inmate claim forms and grievances regarding mainly medical conditions, to "Inmate coordinator Brown, other un-named coordinators, clinic personnel, Director of Programs/Medical Services, Senior Office Assistants, Lt. Moore, the Sargent (sic) on duty, and Captain Maxwell with no response."

2

As Count III, plaintiff alleges that upon his transfer out of SCDC on November 27, 2007, his "legal work" pertaining to the time he was there was searched and partially seized and destroyed "by the property officers." He claims this violated his Fourth Amendment right to privacy. He also alleges "all his notes" and communications during his stay at SCDC were confiscated, including his legal notes, legal pads, and copies of "the communications sent to resolve these issues." In addition, he alleges he made proper requests to retrieve this "documentation" to no avail.

**RELIEF SOUGHT**

Plaintiff seeks money damages from "Un-named agents of the (SCDC), Inmate Coordinator Brown, Lieutenant Moore, and Captain Maxwell" for Fourteenth Amendment due process violations; from "un-named agents of the Sedgwick County Sheriff's Department, (specifically the officers in charge of property and pack-outs of inmates being transported)" for unlawfully removing his legal materials intended for use as evidence from legal envelopes; and from "Un-named agents of CONMED INC., clinic personnel, Doctors, clinicians Novak and Fletcher, RN's, PRN's, LPN's, ARNP's etc. et al" for "delaying access to treatment, interfering with prescribed treatment," and deliberate indifference.

**MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES**

Plaintiff has filed a motion for leave to proceed in forma pauperis (Doc. 2), and has attached an Inmate Account Statement in support as statutorily mandated. 28 U.S.C. § 1915(b)(1) requires

3

the court to assess an initial partial filing fee of twenty percent of the greater of the average monthly deposits or average monthly balance in the prisoner's account for the six months immediately preceding the date of filing of a civil action. Having examined the records of plaintiff's account, the court finds the average monthly deposit to plaintiff's account has been $35.98, and the average monthly balance has been $17.84. The court therefore assesses an initial partial filing fee of $7.00, twenty percent of the average monthly deposit, rounded to the lower half dollar[1]. Plaintiff must pay this initial partial filing fee before this action may proceed further, and will be given thirty days to submit it to the clerk of the court. His failure to submit the initial fee in the time allotted will result in dismissal of this action without further notice.

**SCREENING**

Because Mr. Neth is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b). Having screened all materials filed, the court finds the complaint is subject to being dismissed for the reasons that follow.

**DEFENDANTS**

---

[1] Pursuant to 28 U.S.C. §1915(b)(1), plaintiff will remain obligated to pay the full $350.00 district court filing fee in this civil action. Being granted leave to proceed in forma pauperis entitles him to pay the filing fee over time through payments deducted automatically from his inmate trust fund account as authorized by 28 U.S.C. §1915(b)(2).

Plaintiff bases his claims upon several events, but does not sufficiently name as defendants individual person directly involved in all these events. "Sedgwick County Sheriff's Office" and "Sedgwick County Detention Center" are entities[2], not persons, and therefore are not proper defendants in a federal civil rights action. Obviously the court cannot serve and require a response from "unnamed agents of CONMED" or "unnamed agents" of the SCDC. The Tenth Circuit recognizes "the ability of a plaintiff to use unnamed defendants so long as the plaintiff provides an adequate description of some kind which is sufficient to identify the person involved so process eventually can be served." Roper v. Grayson, 81 F.3d 124, 125 (10th Cir. 1996)[3].

Mr. Neth must provide sufficient information, preferably full names, which will allow service of process upon the individuals he intends to sue. He also must allege how each of the defendants actually participated in the acts or inactions of which he complains. He has not provided sufficient information for service upon any person other than "inmate coordinator Brown", Lt. Moore, Captain Maxwell, "clinicians Novak and Fletcher." In the body of the complaint, Mr. Neth mentions "Inmate coordinator Brown, Lt. Moore, and Captain Maxwell" as "in charge of" answering grievances

---

[2] A prison is immune to suit under the Eleventh Amendment, because a state or a state agency is not a "person" subject to suit under § 1983. Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989); see Davis v. Bruce, 129 Fed.Appx. 406, **1 (10th Cir. Apr. 6, 2005).

[3] In Roper, the plaintiff referred to Fields as a defendant in the prayer for relief contained at the end of his complaint. Fields was also referred to throughout the plaintiff's documents as a librarian at HCF who was involved in plaintiff's grievances at the institutional level. Fields, Beach and Simmons were identified in plaintiff's letter to the court requesting service of process on the defendants. The court held that plaintiff adequately described Fields, Beach and Simmons so that process could be served. Id. at *3.

and failing to answer "kites." In his Request for Relief, he seeks money damages from these three persons as well as "Un-named agents of the (SCDC)." The only persons mentioned by name in connection with his medical claims are "clinicians Novak and Fletcher," whom he describes as the "attending clinicians involved in the experimentating (sic) and re-writing" of his prescriptions and diet. In connection with his privacy claim, plaintiff names no person, but refers only to "agents" of the Sedgwick County Sheriff's Department and the "property officer." He has not named any of these individuals as defendants in the caption, where he is to list all defendants. Defendants should be named in the caption and in the body of the complaint.

Plaintiff is required to file an Amended Complaint in which he names as defendant or adequately describes in the caption every person he intends to sue herein, and alleges facts in the body of the complaint showing the personal participation[4] of each named defendant in the acts or inactions upon which his complaint is based.

**DENIAL OF MEDICATION AND DIET**

The court finds plaintiff does not allege sufficient facts to support a claim of denial of medical treatment under the Eighth Amendment. An inmate's complaint of inadequate medical care amounts to an Eighth Amendment violation only if the inmate alleges "acts or omissions sufficiently harmful to evidence deliberate indifference

---

[4] Persons may not be named as defendants in a civil rights action based solely upon their supervisory capacity. See Monell v. Department of Social Services, 436 U.S. 658, 694 (1978).

6

to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). A prison official does not act in a deliberately indifferent manner unless that official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

A simple difference of opinion between an inmate and jail medical staff regarding the adequacy of treatment does not itself state a constitutional violation, but presents at most, a malpractice or negligence claim[5]. Estelle, 429 U.S. at 106-07; Ledoux v. Davies, 961 F.2d 1536 (10th Cir. 1992); see Handy v. Price, 996 F.2d 1064, 1067 (10th Cir. 1993)(affirming that a quarrel between a prison inmate and the doctor as to the appropriate treatment for hepatitis did not successfully raise an Eighth Amendment claim); El'Amin v. Pearce, 750 F.2d 829 (10th Cir. 1984); Jones v. McCracken, 562 F.2d 22 (10th Cir. 1977); Smart v. Villar, 547 F.2d 112 (10th Cir. 1976); Coppinger v. Townsend, 398 F.2d 392 (10th Cir. 1968). In situations where treatment was delayed rather than denied altogether, the Tenth Circuit Court of Appeals requires that the inmate show he suffered "substantial harm" as a result of the delay. Garrett v. Stratman, 254 F.3d 946, 950 (10th Cir. 2001); Olson v. Stotts, 9 F.3d 1475 (10th Cir. 1993).

As the United States Supreme Court has explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the

---

[5] Medical malpractice claims must be filed in state, not federal, court.

> conscience of mankind." Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medial mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.

Id. at 105-106 (footnote omitted).  A claim of total denial of medical care differs from a claim of inadequate medical care. Plaintiff does not allege that he was denied all medical care. Instead, his allegations indicate only that some medication and his diet were delayed, and that he disagreed with changes to his medications.  These allegations show nothing more than a difference between the opinion of the lay patient and the professional judgments of the medical staff.  The prisoner's right is to medical care--not to the type or scope of medical care he personally desires.  Coppinger, 398 F.2d at 394.  In the instant case, the allegations of the complaint show that medical care was furnished to plaintiff.  Plaintiff's allegations may support a negligence action in state court, but they are not sufficient to state a cause of action for cruel and unusual punishment.

Plaintiff is required to show cause why this claim should not be dismissed for failure to state sufficient facts in support of a claim under the Eighth Amendment.  He may do so by amending his complaint to allege additional facts showing more than mere delay and difference of opinion.  If he does not provide sufficient additional facts in support of this claim, it will be dismissed.

**CONFISCATION OF LEGAL WORK**

The court finds plaintiff does not state a claim under 42 U.S.C. § 1983 based upon allegations that his right to privacy was

violated by confiscation of his "legal work."  A prison inmate has no Fourth Amendment right generally prohibiting searches of his cell and possessions.  Hudson v. Palmer, 468 U.S. 517, 526 (1984)("The recognition of privacy rights for prisoners in their individual cells simply cannot be reconciled with the concept of incarceration and the needs and objectives of penal institutions.").

If by these allegations, plaintiff is attempting to assert a wrongful deprivation of property claim, he also fails to state a cause of action under § 1983.  The unauthorized taking or destruction of personal property by jail officials does not give rise to a cause of action in federal court, for the reason that state law in Kansas provides an adequate remedy for deprivation of property claims.  See Parrat v. Taylor, 451 U.S. 527 (1981); Hudson v. Palmer, 468 U.S. 517 (1984).  Thus, this is another claim plaintiff may pursue in state, not federal, court.

Plaintiff does not assert a claim of denial of access to the courts.  Even if he did, he has not alleged that any actual injury resulted from confiscation of his papers, such as that he has been hindered in his ability to pursue a non-frivolous legal claim.  See Lewis v. Casey, 518 U.S. 343, 351-52 (1996).  If plaintiff intends to assert a claim of denial of access, his amended complaint must include additional facts showing defendants' actions have caused actual injury to one of his legal claims.

**FAILURE TO RESPOND TO GRIEVANCES**

A prison or jail grievance procedure does not confer any substantive constitutional right upon an inmate.  For this reason, the failure of jail officials' to comply with the grievance process

9

is not actionable under Section 1983.  See Brown v. Dodson, 863 F.Supp. 284 (W.D.Va. 1994); Olim v. Wakinekona, 461 U.S. 238, 250 (1983)(due process claim lacks merit when no deprivation of a substantive right has been alleged).  "Process is not an end in itself.  Its constitutional purpose is to protect a substantive interest to which the individual has a legitimate claim of entitlement."  Olim, 461 U.S. at 250.  Further, plaintiff's right to petition the government for redress is the right of access to the courts, and that right is not simply presumed to be compromised by a jail official's refusal or failure to entertain a grievance.  See Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991).  Accordingly, plaintiff's claims regarding alleged failures of jail officials to follow grievance procedures, to respond, and to provide forms for grievances should be dismissed.  Plaintiff must show cause why these claims should not be dismissed for failure to state a federal constitutional violation.

Plaintiff shall be given thirty (30) days in which to file an "Amended Complaint" curing the deficiencies discussed herein and/or to show cause why his claims should not be dismissed for the foregoing reasons.

**MOTION FOR APPOINTMENT OF COUNSEL**

The court has considered plaintiff's motion for appointment of counsel and finds it should be denied at this juncture.  Plaintiff appears capable of presenting the facts underlying his claims, and is not entitled to appointment of counsel in a civil action for money damages.  He may renew this motion at a later time, if this action survives screening.

**IT IS THEREFORE ORDERED** that plaintiff is granted thirty (30) days in which to submit an initial partial filing fee of $7.00. Any objection to this order must be filed on or before the date payment is due. The failure to pay the fees as required herein will result in dismissal of this action without prejudice.

**IT IS FURTHER ORDERED** that within the same thirty (30) days plaintiff must file an "Amended Complaint" curing the deficiencies discussed herein and/or show cause why this action should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Appointment of Counsel (Doc. 3) is denied, without prejudice.

Copies of this Order shall be mailed to plaintiff and to the Finance Officer where plaintiff is currently confined. The clerk is also directed to transmit forms to plaintiff for filing an amended complaint under 42 U.S.C. § 1983[6].

**IT IS SO ORDERED.**

Dated this 11th day of June, 2008, at Topeka, Kansas.

<pre>
                                    s/Sam A. Crow
                                    U. S. Senior District Judge
</pre>

---

[6] Plaintiff must write the case number of this pending case (No. 08-3101) in the caption of any "Amended Complaint" filed by him, and should clearly indicate to the clerk of the court that his Amended Complaint is to be filed in this pending case. He should not submit it as a new case.